## DEAN v. TODD.

COSTS—MAGISTRATE—OFFICER—DAMAGES.—A magistrate has no right to tax costs for services not performed, and when he so taxes and collects it, he is liable to the party paying it, under Rev. Stat., 2570, for ten times the amount so unlawfully collected.

Before WITHERSPOON, J., Oconee, September, 1896. Affirmed.

Action by Geo. W. Dean against J. W. Todd, magistrate, for ten times amount of costs unlawfully collected. The following is the Circuit decree:

The above entitled action came on for trial before me at September term of Court of Common Pleas for Oconee County, a jury trial having been waived by consent of all parties, plaintiff and defendant. The testimony was taken before me, and I find the following as matters of fact: 1. That on the 12th day of March, 1896, defendant, J. W. Todd, was a magistrate in and for Oconee County, in said State. 2. That on said 12th day of March the defendant, as magistrate, placed in the hands of one H. C. Harbin, as special constable, a warrant for the arrest of plaintiff as a poll tax defaulter. 3. That H. C. Harbin, as such special constable, went to Newry, in said county, and found plaintiff at work in the mill of the Courtenay Manufacturing Company, and collected from him the sum of $4.55, and receipted him for said sum. 4. That the items composing said sum of $4.55 were $1 for poll tax, fifteen cents penalty; $1 cost for Thomas Bibb, county treasurer, for making affidavit before said magistrate, charging plaintiff with hav-

ing made default on the payment of poll tax for the year 1895; forty cents for cost of J. W. Todd, magistrate, for issuing said warrant; $1 for cost of J. W. Todd for trial of plaintiff on said warrant, and $1 for the said H. C. Harbin, constable, for making arrest. 5. That H. C. Harbin paid over to the defendant $3.55 of the money thus collected from plaintiff, the same being amount collected, less the $1 retained by him for an alleged arrest of plaintiff. ,6. There was no trial of plaintiff before J. W. Todd, magistrate, on the warrant aforesaid, neither did the plaintiff appear before the said magistrate and plead guilty. There being no trial nor plea of guilty, it follows, necessarily, that there can be no sentence imposed nor fine collected. I find as matter of law that defendant is not entitled to the cost for an alleged trial which has never been had. Constructive costs cannot be charged. When an officer claims cost for official services he must be able to show that the services charged for have been actually rendered. An officer cannot collect cost without being able to bottom his charges upon services rendered in accordance with some provision of the statute law. No trial having been had on the warrant charging plaintiff with having made default in the matter of payment of poll tax, the defendant had no legal right to collect from plaintiff $1 for such alleged trial, only the cost which had accrued at the time of the collection of the money from plaintiff can be retained by defendant. Sec. 2570 of the Revised Statutes prohibits any of the officers therein referred to from making improper charges for official services, and imposes a forfeiture of ten times the amount so improperly charged, to be recovered in suit in the Court of Common Pleas. Defendant having collected $1 from plaintiff on account of the alleged trial aforesaid, is liable to forfeit ten times the amount thereof, to wit: $10, defendant having collected also $1 for cost of county treasurer, Thomas Bibb, for swearing for said affidavit, when no such charge is allowed by law, the sum cannot be held by him, and should be refunded to plaintiff.

It is, therefore, ordered, adjudged and decreed, that plaintiff have judgment against defendant for sum of $11 and costs.

From this decree the defendant appealed on the following exceptions:

1. Because said decision or finding is not justified by the law or the evidence. 2. Because the maximum penalty prescribed by statute for the misdemeanor or failure to pay poll tax was not exceeded by defendant. 3. Because no cost not provided for in the statute prescribing what "costs and fees" shall be charged by magistrates was charged against the plaintiff. 4. Because plaintiff was given the alternative of coming to court for trial under the warrant or of paying sum of money, which was stated to be $4.55, and chose to pay said sum, thereby waiving a formal trial, and tacitly pleading guilty of the charge. 5. Because any one charged with a misdemeanor, having been arrested and failing to appear for trial, may be tried in his absence. 6. Because no question is raised of the right of defendant to have had plaintiff before him, thereby detaining plaintiff from his daily labor, at a loss of time to plaintiff, and the imposition of a fine of $10 and costs or imprisonment, if proven guilty, as prescribed in section 6 of "An act to raise supplies and make appropriation for the fiscal year commencing November 1st, 1894," passed by the General Assembly of 1894 (see said act and joint resolutions, page 770). 7. Because defendant could have tried plaintiff formally, and if convicted, could have, by law, imposed a fine and cost amounting in total to the sum of $15.10. 8. Because defendant did not, in *permitting* plaintiff to pay the sum of money received of him, thereby waive his right to "try plaintiff and impose the full penalty prescribed in the act above mentioned." 9. Because plaintiff, having been benefited by the said settlement, had no standing in court under section 2570 of Revised Statutes. 10. Because defendant cannot be held liable for any statements made to plaintiff by the deputy who executed the arrest warrant. 11. Because

defendant only permitted the said deputy to bring the said sum of money instead of the body of plaintiff, as commanded by said warrant. 12. Because said decision or finding makes undue and improper reflection on defendant in making it appear that defendant collected from said plaintiff and retained $1 for cost for the county treasurer, there being no proof that defendant made any such charge, or, if made, that it had not been paid to said county treasurer. 13. Because, by making said reference to a matter so foreign, the Court showed undue bias against defendant. 14. Because no poll tax whatever was collected of plaintiff by defendant. 15. Beause plaintiff, having failed to pay his poll tax, made himself liable for a misdemeanor. 16. Because, under the law, all sums collected were in the nature of a penalty for an admitted misdemeanor.

*Mr. J. W Todd*, for himself, appellant.

*Messrs. Jaynes & Shelor*, contra.

June 29, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action to recover the forfeiture incurred by defendant, under the provisions of sec. 2570 of the Rev. Stat. of 1893. The case was heard by his Honor, Judge Witherspoon, by consent, without a jury, a trial by jury having been waived. Being a law case, the facts as found by the Circuit Judge are conclusive upon this Court, as has been held in numerous cases. Under the facts so found, there can be no doubt that the judgment rendered is free from error. The language of the section above cited is so plain as to leave no room for argument. See *Tinsley* v. *Kirby*, 8 S. C., 113, where a similar statutory provision was enforced. In justice to all parties concerned, the reporter should incorporate in his report of the case the decree of the Circuit Judge, where the facts will be found fully and clearly set forth, as well as the grounds of appeal.

In justice, however, to the defendant, who is a public

officer, we take pleasure in saying that we find nothing in the case indicating any improper motive or intentional wrong-doing in charging and receiving more and other costs than such as are allowed by law. Still the fact remains that he did receive such illegal costs, and is, therefore, liable to the forfeiture plainly prescribed by the statute. This would necessarily require that the judgment appealed from should be affirmed; but counsel for respondent has very frankly stated, in his printed argument, that "since the trial and rendition of judgment in Circuit Court, Thos. Bibb, county treasurer of Oconee County, has refunded to plaintiff the $1 collected by defendant for him, and hence respondent asks only that the judgment below be affirmed as to the $10 forfeiture by appellant for the illegal collection of $1 as costs for an alleged trial that was never had before defendant."

The judgment of this Court, therefore, is, that the judgment of the Circuit Court be reversed, unless the plaintiff shall, within ten days after written notice of this judgment, enter a *remittitur* on the record for the sum of $1; and that upon the entry of such *remittitur*, the judgment appealed from be affirmed for the sum of $10.